IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN RICHARD COUDRIET, | ) | |
| Petitioner, | ) | Civil Action No. 13-113 |
| | ) | |
| v. | ) | Chief District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BRIAN V. COLEMAN, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

State prisoner Shawn Richard Coudriet has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. The claims that he has raised are not sufficient to proceed in habeas. Therefore, unless Coudriet files an amended petition (once again using the standard § 2254 form) in which he states an adequate claim, it is recommended that the petition be summarily dismissed without service and that a certificate of appealability be denied. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

Coudriet is challenging the judgment of sentence imposed upon him in 2006 by the Court of Common Pleas of Crawford County at Criminal Docket No. 616-2005. He raises the following two claims:

1.    "The Fourth Amendment issue"

2.    "Confinement issues dealing with medical injury suffered at County."

[ECF No. 1 at 7].

1

Coudriet cannot proceed with either of his claims. He fails to provide the necessary detail to support the first one. Although *pro se* filings must be construed liberally and with a measure of tolerance, Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Importantly, merely asserting legal conclusions does not fulfill the requirements of Rule 2(c). As the Supreme Court explained in Mayle v. Felix, 545 U.S. 644, 649 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

The Supreme Court also observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Mayle, 545 U.S. at 656 (emphasis added). The simple statement of "Fourth Amendment issue" lacks the required specificity to raise a valid habeas claim.

Courdriet's second claim, in which he complains about "issues dealing with medical injury suffered at County," it not cognizable in a federal habeas action. A habeas petition is for challenging the fact of a criminal conviction or the duration of a sentence and its function is to secure release from illegal custody. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973). Coudriet cannot litigate claims challenging the conditions of his confinement in a habeas action. See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (May 2013). See, e.g., McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) for the proposition that "when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 is appropriate."). Therefore, he

2

must bring his claim of "confinement issues dealing with medical injury" in a civil rights action filed under 42 U.S.C. § 1983.

### C. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Coudriet has failed to allege the denial of a constitutional right that would entitle him to habeas relief, let alone demonstrate a substantial showing of the denial of such a right. Accordingly, it is recommended that no certificate of appealability should issue.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that, unless Coudriet files an amended petition on the standard § 2254 form in which he states an adequate claim, the petition for a writ of habeas corpus should be summarily dismissed and a certificate of appealability should be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Coudriet is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: June 17, 2013              /s/ Susan Paradise Baxter
                                  SUSAN PARADISE BAXTER
                                  United States Magistrate Judge